UNITED STATES DISTRICT COURT
NORTHERN DISTRICT OF INDIANA
SOUTH BEND DIVISION

David Pannell,

        Petitioner,

        v.                                Case No. 3:16-CV-575 JVB

Superintendent,

        Respondent.

## OPINION AND ORDER

David Pannell, a pro se prisoner, filed a habeas corpus petition challenging the prison disciplinary hearing (ISP 16-06-172) where a disciplinary hearing officer (DHO) found him guilty of Threatening in violation of B-213. As a result, he was sanctioned with the loss of 60 days earned credit time. Pannell presents five grounds in his petition.

In Ground One, Pannell argues that his hearing officer was biased because more than a year before, he had filed grievances against her and she had filed a conduct report on him which was subsequently overturned on appeal.

> An inmate facing disciplinary charges has the right to an impartial decisionmaker. *Wolff*, 418 U.S. at 571. But "the constitutional standard for impermissible bias is high," *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003), and an adjudicator is entitled to a presumption of "honesty and integrity" absent clear evidence to the contrary, *see Withrow v. Larkin*, 421 U.S. 35, 47, 95 S. Ct. 1456, 43 L. Ed. 2d 712 (1975). Due process requires disqualification of a decisionmaker who was directly or substantially involved in the underlying incident, *Gaither*, 236 F.3d at 820, and we have assumed that a decisionmaker might likewise be impermissibly biased if his spouse is a crucial witness in the proceeding, *see Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). A hearing officer is not automatically deemed biased, however, simply because he adjudicated or was involved in a previous disciplinary charge against the prisoner. *See Piggie*, 342 F.3d at 666-67; *Pannell*, 306 F.3d at 502.

*Perotti v. Marberry*, 355 Fed. Appx. 39, 43 (7th Cir. 2009). Here, the DHO did not write the Conduct Report or witness the incident. Pannell has not provided clear evidence that the DHO

was otherwise biased. The DHO was involved in a previous disciplinary charge with Pannell, but that is not enough. He had filed grievances against her, but that is not enough either. Therefore Ground One is not a basis for habeas corpus relief.

In Ground Two, Pannell argues that he did not receive adequate notice of the charge against him. *Wolff v. McDonnell*, 418 U.S. 539 (1974), requires that an inmate be given notice of the factual basis of the charges against him. Here, the Conduct Report explained that "Offender Pannell made the comment 'We are going to meet up one day.' When he went to set down, he repeated the same comment, 'We are going to meet up one day'!" (DE 1 at 5.) Pannell does not believe that those words were threatening. However that is not relevant to whether he was adequately notified of the factual basis of the charge against him. He knew what he was charged with saying and he knew that he was charged with threatening. Based on that he was able to prepare his defense. That is all that due process required. Therefore Ground Two is not a basis for habeas corpus relief.

In Ground Three, Pannell argues that he was denied the right to call live witnesses. However, an inmate in a prison disciplinary hearing has no right to confront or cross-examine witnesses. *Piggie v. Cotton*, 342 F.3d 660, 666 (7th Cir. 2003). "Prison disciplinary proceedings are not part of a criminal prosecution, and the full panoply of rights due a defendant in such proceedings does not apply." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). "The requirements of due process are considerably relaxed in the setting of prison discipline . . .." *Eads v. Hanks*, 280 F.3d 728, 729 (7th Cir. 2002). "Prison officials must have the necessary discretion to keep the hearing within reasonable limits." *Wolff v. McDonnell*, 418 U.S. 539, 556 (1974). Therefore Ground Three is not a basis for habeas corpus relief.

In Ground Four, Pannell argues that he was denied documentary evidence. An inmate has a constitutional right to present relevant, exculpatory evidence during a prison disciplinary hearing which extends the duration of his confinement. *Wolff v. McDonnell*, 418 U.S. 539, 566 (1974); *Rasheed-Bey v. Duckworth*, 969 F.2d 357, 361 (7th Cir. 1992). Exculpatory in this context means evidence which "directly undermines the reliability of the evidence in the record pointing to [the prisoner's] guilt." *Meeks v. McBride*, 81 F.3d 717, 721 (7th Cir. 1996). Pannell wanted to present: "(1) a copy of the June 9, 2016, U.S. Supreme Court's 'Order'; (2) Pannell's 'Law Library' Deadline Log for the month of June; and (3) Pannell's June 13, 2016, 'Photocopy Request'." (DE 1 at 8.) His goal was to demonstrate that the law librarian (whom he threatened) was wrong to have refused to grant him extended hours in the library, that he had no reason to be mad at her because he knew that he was entitled to additional hours in the library, and that she subsequently did grant him additional time in the library. However none of those documents were relevant to whether he threatened her immediately after she originally denied his request for additional time. Therefore Ground Four is not a basis for habeas corpus relief.

In Ground Five, Pannell argues that there was not sufficient evidence to find him guilty. In evaluating whether there was adequate evidence to support a finding of guilt in a prison disciplinary proceeding, "the relevant question is whether there is any evidence in the record that could support the conclusion reached by the disciplinary board." *Superintendent v. Hill*, 472 U.S. 445, 455-56 (1985).

> [T]he findings of a prison disciplinary board [need only] have the support of some evidence in the record. This is a lenient standard, requiring no more than a modicum of evidence. Even meager proof will suffice, so long as the record is not so devoid of evidence that the findings of the disciplinary board were without support or otherwise arbitrary. Although some evidence is not much, it still must point to the accused's guilt. It is not our province to assess the comparative weight of the evidence underlying the disciplinary board's decision.

*Webb v. Anderson*, 224 F.3d 649, 652 (7th Cir. 2000) (quotation marks, citations, parenthesis, and ellipsis omitted).

Words can be tricky to interpret. Context, intonation, and inflection all matter. Code words and encrypted phrases can have meanings not readily understood by those unfamiliar with the environment in which they are used. So too, sarcasm and satire can mask threats or nefarious transactions. Some threats such as "I'm going to kill you" are obvious. Others such as "I'm going to get you" are more veiled but no less threatening. Here, Pannell was accused of saying "We are going to meet up one day." He argues that is not what he said and that he meant they would meet in court. However, the DHO believed that was what he said, and it is not for this court to reweigh that credibility determination. "We are going to meet up one day" is a step removed from "I'm going to get you," but it was neither unreasonable nor arbitrary for the DHO to have concluded that it was a threat. Therefore Ground Five is not a basis for habeas corpus relief.

If Pannell wants to appeal this decision, he does not need a certificate of appealability because he is challenging a prison disciplinary proceeding. *See Evans v. Circuit Court*, 569 F.3d 665, 666 (7th Cir. 2009). However, he may not proceed in forma pauperis on appeal because the court finds pursuant to 28 U.S.C. § 1915(a)(3) that an appeal in this case could not be taken in good faith.

For these reasons, the habeas corpus petition is **DENIED**. The clerk is **DIRECTED** to enter judgment and close this case. David Pannell is **DENIED** leave to proceed in forma pauperis on appeal.

SO ORDERED on April 24, 2017.

    s/ Joseph S. Van Bokkelen
JOSEPH S. VAN BOKKELEN
UNITED STATES DISTRICT JUDGE